UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MEGHILA, LLC,

                         Plaintiff,

            -against-                                          24-CV-8986 (LTS)

MYRIAM CHALEK; CARZELL BENTON;                                 ORDER
DJAHIDA CHALEK,

                         Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Carzell Benton, who is appearing *pro se*, filed this Notice of Removal. He seeks to

remove an appeal pending in the Appellate Division, First Department, to this Court. *See*

*Meghila, LLC v. Chalek,* No. 158373/21 (1st Dept.). For the reasons set forth below, the action is

remanded.

## STANDARD OF REVIEW

    A defendant in a state court action may remove a matter to federal district court if the

district court has original jurisdiction of the action. 28 U.S.C. § 1441(a). To remove a state-court

action to a federal district court:

> [a] defendant . . . shall file in the district court of the United States for the district
> and division within which such action is pending a notice of removal signed
> pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short
> and plain statement of the grounds for removal, together with a copy of all
> process, pleadings, and orders served upon such defendant or defendants in such
> action.

28 U.S.C. § 1446(a). The right of removal is "entirely a creature of statute," and the "statutory

procedures for removal are to be strictly construed." *Syngenta Crop Protection, Inc. v. Henson*,

537 U.S. 28, 32 (2002). A federal district court may *sua sponte* remand an action within 30 days

of the filing of the notice of removal for a procedural defect, or at any time for a lack of subject

matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131-33 (2d Cir. 2006).

## BACKGROUND

Carzell Benton is the only signatory to this Notice of Removal. He indicates that, in an eviction proceeding to which he was not a party, *Meghila, LLC v. Chalek*, No. 158373/21, the Supreme Court of the State of New York, New York County, entered judgment against Myriam Chalek. A copy of the judgment, attached to the Notice of Removal, makes clear that the underlying action was for "recovery of unpaid rent and ejectment," and that judgment was entered "against Defendant Myriam Chalek in the sum of $198,863.64." (ECF 1 at 14.)

Benton apparently was a co-occupant of the premises at issue. He is listed as an appellant in the caption of documents filed in the Appellate Division, First Department, in connection with an appeal from the judgment. (*Id.* at 18, 21.)

Benton seeks to "remove" the pending state court appeal to this court. He argues that the Appellate Division has violated the constitutional rights of "the alleged defendants," by which he appears to mean himself and Myriam Chalek. (ECF 1 at 1-2.) Attached to the complaint is a June 25, 2024 decision of the Appellate Division, granting a stay of eviction on condition that appellants pay $8,000 monthly for ongoing use and occupancy of the premises and post a bond of $198,864.64. (*Id.* at 21-22.) Benton argues that removal is proper because the Appellate Division violated his constitutional rights, among other things, by making the stay of eviction conditional on payment.

Benton further argues that removal of the appeal to federal court is proper based on diversity jurisdiction. He states that Defendants "are domiciled in New York and possess different nationalities, contributing to the diversity of citizenship required for federal

jurisdiction." (*Id.* at 5.) Plaintiff is alleged to be an "artificial person . . . operating out of New Jersey." (*Id.*)

Benton also attaches to the Notice of Removal a document titled, "The Moorish Divine and National Movement of the World," and an "Affidavit of Indigency." (*Id.* at 10-11.)

Benton recently filed a bankruptcy proceeding, and the Bankruptcy Court issued an order that included the following description:

> [Meghila, LLC ("Landlord")] is the owner of condominium unit PH3D, which is located at 1600 Broadway, New York, New York 10027. On May 9, 2020, the Landlord and Myriam Chalek ("Chalek") signed a lease pursuant to which [Carzell Benton ("Debtor")] and Chalek (. . . the "Occupants") took possession of the Property. The Occupants have apparently never made a rent payment, and the Landlord commenced eviction proceedings. On October 17, 2023, the Landlord obtained an Order and Judgment of Possession (the "Eviction Judgment"), entitling the Landlord to evict the Occupants, as well as entitling the Landlord to collect $198,863.63 in unpaid rent. Following the Eviction Judgment, the Occupants filed a series of bankruptcies to stay the eviction.

*In re Benton*, 662 B.R. 517, 520 (Bankr. S.D.N.Y. 2024) (citations omitted).[1] The Bankruptcy Court further noted that Benton "is not a tenant under the lease." *Id.* at 521.

### DISCUSSION

Removal of this pending state court appeal is improper. As an initial matter, the removal statutes provide for removal by a defendant, not an appellant. *See* 28 U.S.C. § 1441 (a civil action brought in a State court "may be removed by the defendant or the defendants"); 28 U.S.C. § 1446 ("A defendant or defendants desiring to remove any civil action from a State court shall file . . . a notice of removal . . . .").

---

[1] Benton has filed a separate suit in federal court against Judge Goetz, who presided over the eviction proceeding (Index Number 158373/2021), *see Benton v. Goetz*, No. 24-CV-3649 (S.D.N.Y. July 31, 2024), and has twice sued Meghila LLC and others connected with the premises, *Benton v. Cidambi*, No. 1:24-CV-2968 (LTS) (S.D.N.Y. June 27, 2024); *Benton v. Cidambi*, No. 24-CV-5489 (LTS), 2024 WL 4635429, at *1 (S.D.N.Y Oct. 28, 2024).

Here, Carzell Benton has filed a notice of removal of a pending appeal in which he is an appellant. The general removal statutes do not authorize an appellant to remove an action to federal court. "[O]nly defendants have the authority to remove an action to federal court." *Murray v. Deer Park Union Free Sch. Dist.*, 154 F. Supp. 2d 424, 426 (E.D.N.Y. 2001).

Moreover, removal is improper once the state court has entered judgment. "[A] claim that has been reduced to a final judgment in the state court cannot be made subject to relitigation through removal." *Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770, 774 (2d Cir. 1988). "[R]emoval is not possible where the case reached final judgment in state court." *Snelgrove v. LeBlanc*, No. 20-CV-146, 2020 WL 7647026 (D. Vt. Nov. 5, 2020).

Federal courts, with a limited exception not applicable here, do not review state court judgments. *See Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002) ("28 U.S.C. § 1331 is a grant of original jurisdiction" that "does not authorize district courts to exercise appellate jurisdiction over state-court judgments."); *Credit One, LLC v. Head*, No. 3:09-CV-1852 (MRK), 2010 WL 3058916, at *1 (D. Conn. Jan. 11, 2010) (rejecting the *pro se* plaintiff's attempt to remove a closed state action and explaining that federal district courts "do not sit as courts of appeal over state court judges").[2] Thus, Benton's remedy, if any, is to continue to pursue any available appeals in state court. If he disagrees with a final decision of the Appellate Division, he can seek discretionary review in the New York Court of Appeals.

The defendant bears the burden of establishing that removal is proper." *United Food & Commercial Workers Union, Loc. 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298,

---

[2] The exception to this rule is that the Supreme Court of the United States has jurisdiction of appeals from a final judgment of the highest state court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) (holding that, under 28 U.S.C. § 1257, federal court jurisdiction of appeals from final state-court judgments "may be had only in this [U.S. Supreme] Court").

301 (2d Cir. 1994). Here, removal of the pending appeal is not proper because this Court cannot review the state court judgment. The action is therefore remanded to the Appellate Division, First Department. *See Mitskovski*, 435 F.3d at 131 (noting that the Circuit has "interpreted section 1447(c) to authorize a remand for either a procedural defect asserted within 30 days of the filing of notice of removal or a lack of subject matter jurisdiction").[3]

In addition, Benton has previously been warned that, if he abuses the privilege of proceeding IFP by pursing further duplicative or vexatious litigation in this Court, he may be ordered to show cause why he should not be barred from filing new actions IFP without prior permission. *See Benton*, 2024 WL 4635429, at *1 (relying on 28 U.S.C. § 1651). That warning remains in effect.

## CONCLUSION

Because removal is improper, the appeal is remanded, under 28 U.S.C. § 1447(c), to the Appellate Division, First Department. The Clerk of Court is directed to send a copy of this order to that court and to close this action. All pending matters are terminated.

---

[3] The Notice of Removal also does not show that the Court has subject matter jurisdiction of this action. The underlying landlord-tenant matter relies on state law, and a federal defense or counterclaim cannot be the basis for federal question jurisdiction. *See Fax Telecommunicaciones Inc. v. AT & T*, 138 F.3d 479, 486 (2d Cir. 1998) (removal based on federal question jurisdiction "is proper only if the federal question appears plainly on the face of a 'well-pleaded complaint'"). Moreover, as a domiciliary of the forum state, Benton cannot remove an action on the basis of diversity jurisdiction. 28 U.S.C. § 1441(b)(2).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    January 13, 2025
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge